```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALAAMEEN ABDOOL,


                            Plaintiff,

    -against-
                                              MEMORANDUM AND
                                              ORDER
                                              21-CV-4072(KAM)
CAPITAL ONE BANK USA; EXPERIAN, LLC,

                            Defendants.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

On July 16, 2021, *pro se* Plaintiff Alaameen Abdool ("Abdool") commenced this action under this court's federal question jurisdiction seeking damages against Defendants Capital One Bank USA ("Capital One") and Experian, LLC ("Experian"). (*See generally*, ECF No. 1, Complaint ("Compl.").) Abdool's complaint alleges violations of (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* (2) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, (3) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 277, and (4) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, related to the collection and reporting of a $1304 debt. (*Id.*)  Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915.  For the reasons set

1

forth, the complaint is dismissed without prejudice, and plaintiff is granted thirty days to file an amended complaint.

## BACKGROUND

According to the complaint, the truth of which is assumed for the purposes of this Memorandum and Order, plaintiff alleges that Capital One "falsely reported incorrect debt information to the national credit reporting agencies, including, but not limited to, the incorrect debt amount, account status and status update." (Compl. at 6.) Plaintiff notes that the "debt amount of $1304 . . . is incorrect," *ibid*, but provides no other information about the debt. (*Id*.) The Experian Credit Report indicates that as of June 17, 2021, Capital One reported that Plaintiff's credit card account, opened on September 1, 2017, had a past-due balance of $1304. (ECF No. 1-2, Exhibit A.) The "comments" section of the Credit Report indicate that the "account [was] closed at consumer's request" and that Plaintiff disagreed that there was an "unpaid balance reported as a loss by the credit grantor." (*Id*.)

Plaintiff further alleges that Capital One made false representations to Plaintiff. (Compl. at 6-7.) Specifically, Plaintiff contends that Capital One "did not inform Plaintiff that making a payment would re[-]age the debt which would make the contract invalid." (*Id.* at 7.) Lastly, she alleges that

Capital One placed "over 200 calls" to her "in or about the year 2020 . . . in an effort to collect the alleged debt." (*Id.*)

As to Defendant Experian, Plaintiff alleges that it "falsely report[ed] incorrect debt information including but not limited to, the incorrect debt amount, account status, and status update" and "failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report." (*Id.* at 7-8.) Plaintiff also alleges that NCC Business Services d/b/a Transworld Systems, not named as a Defendant, misled her about the lending practices of Capital One by failing to inform her of "full lending disclosures." (*Id.* at 7.)

## LEGAL STANDARD

Under 28 U.S.C. §1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable

3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. *See* Fed. R. Civ. P. 8; *Iqbal*, 556 U.S. at 678. A complaint that is "so confused, ambiguous, vague or otherwise unintelligible that

4

its true substance, if any, is well disguised," fails to comply with Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons*, 49 F.3d at 86 (citing *Salahuddin*, 861 F.2d at 42).

## DISCUSSION

### A. Fair Debt Collection Practice Act Claim

Plaintiff brought this action pursuant to the FDCPA. "A violation under the FDCPA requires that (1) the plaintiff be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements." *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017), aff'd, 740 F. App'x 742 (2d Cir. 2018). The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e.

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

5

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (6). The same provision exempts from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was originated by such person [or] concerns a debt which was not in default at the time it was obtained by such person." *Id.* The Second Circuit has held that creditors seeking to collect their own debts and loan servicers who obtain a debt prior to default are not debt collectors under the FDCPA. *See, e.g., Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."). The only exception to this rule is where the creditor "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.* (quoting 15 U.S.C. § 1692a(6)); *see also Alibrandi v. Financial Outsourcing Servs., Inc.*, 333 F.3d 82, 85 (2d Cir. 2003) ("creditors generally are not subject to the FDCPA"); *Daros v. Chase Manhattan Bank*, 19 F. App'x 26, 27 (2d Cir. 2001) (summary order) ("The FDCPA excludes entities attempting to collect debts owing to them from the definition of debt collector as long as the collector does not use a name that

6

might lead a debtor to believe a third party had become involved in the collection effort."); *Nichols v. Washington Mutual*, 2007 WL 4198252, at *3 (E.D.N.Y.2007) (creditor is not a debt collector within the meaning of FDCPA unless "false name" exception is met).

Here, Defendant Capital One is the creditor, and there is no allegation that it attempted to collect the debt under a false name. Although the complaint is silent as to the type of debt, it appears from the Experian report attached to the complaint that the debt collection, which Plaintiff disputes, is derived from a Capital One credit card. (*See* ECF No. 1-2, Exhibit A at 2). Since Capital One is a creditor and it is not alleged to have enlisted the assistance of a third party to collect the debt, it does not fall under the definition of a "debt collector" subject to the FDCPA. *Daros v. Chase Manhattan Bank*, 19 F. App'x 26 ("Credit card issuer, which attempted to collect amount due from card holder, was not 'debt collector,' subject to FDCPA"); *Shieh v. Flushing Branch, Chase Bank USA, N.A.*, No. 11-CV-5505, 2012 WL 2678932, at *8 (E.D.N.Y. July 6, 2012). Accordingly, because plaintiff does not plausibly allege that Capital One is a debt collector, the FDCPA claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Truth in Lending Act Claim**

The TILA, unlike the FDCPA, is applicable to creditors, and "was enacted to assure meaningful disclosure of credit terms, avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *McAnaney v. Astoria Fin. Corp.*, 357 F.Supp.2d 578, 583 (E.D.N.Y. 2005) (citing, *inter alia*, 15 U.S.C. §§ 1601–65(b); *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980)). "Failure to make a required disclosure and satisfy the Act may subject a lender to statutory and actual damages that are traceable to the lender's failure." *Id.* (citing *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998)).

When it enacted the TILA, "Congress delegated authority to the Federal Reserve Board of Governors to promulgate implementing regulations and interpretations known as Regulation Z." *Id.* (citing 15 U.S.C. § 1604(a)). According to Regulation Z, the provisions of the TILA apply to creditors that regularly offer or extend credit for personal, family, or household purposes, and that is payable by agreement in more than four installments, or subject to a finance charge. *Id.* (citing 12 C.F.R. § 226.1). "In general, TILA requires creditors to disclose, among other things, all finance charges and prepayment provisions." *Id.* (citing 12 C.F.R. § 226.18).

8

Regulation Z provides an extensive list of the disclosures that a creditor is required to provide to a borrower, including the identity of the creditor, the amount financed, the finance charges, the payment schedule, and so forth. 12 C.F.R. § 226.18.

The TILA allegations in the complaint are minimal and it is unclear whether the allegations are being brought against named Defendant Capital One or "NCC Business Services d/b/a Transworld Systems Inc." Plaintiff states that "Defendant misled Plaintiff about the lending practice of Capital One Bank USA" and that Plaintiff "wasn't informed on full lending disclosures." (Compl. at 7.) Plaintiff does not, however, identify which material disclosures were not provided by either Capital One or NCC Business Services d/b/a Transworld Systems Inc. Thus, the complaint fails to allege a plausible TILA claim or to provide notice to defendants or NCC Business Services d/b/a Transworld Systems Inc. if there is a TILA claim against them. Fed. R. Civ. P. 8. The claim is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Telephone Consumer Protections Act Claim**

The Complaint also asserts that Capital One violated the TCPA, which bans certain "invasive telemarketing practices," alleging that Capital One called her "over 200 times" in 2020

9

"in an effort to collect the alleged debt." (Compl. at 7.) The TCPA "proscribes abusive telemarketing practices by, among other things, restricting certain communications made with an "automatic telephone dialing system." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1164, 209 L. Ed. 2d 272 (2021).

Here, plaintiff alleges that the sheer volume of calls received violates the TCPA, but the Court, despite construing the facts liberally, finds no basis for a TCPA claim. The plaintiff must do more than simply reference the statute. Her complaint does not contain sufficient factual allegations about the nature, timing, circumstances, and subject matter of the calls to permit a reasonable inference that the calls violate the TCPA.[1] The plaintiff does not say when the calls occurred,

---

[1] Unless the recipient has given prior express consent, the TCPA:
- Prohibits solicitors from calling residences before 8 a.m. or after 9 pm, local time.
- Requires solicitors maintain a company-specific "do-not-call" (DNC) list of consumers who asked not to be called; the DNC request must be honored for 5 years.
- Requires solicitors honor the National Do Not Call Registry.
- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibits solicitations to residences that use an artificial voice or a recording.
- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibits autodialed calls that engage two or more lines of a multi-line business.
- Prohibits unsolicited advertising faxes.

*See, generally,* 47 U.S.C. § 227; 47 C.F.R. § 64.1200; 47 C.F.R. § 68.318(d).

whether they were automated or prerecorded, describe their content, specify the number from which the calls originated, state whether they were made to plaintiff's cellular phone or landline, or state whether the messages sounded prerecorded. *See e.g. Herrera v. Navient Corps.*, No. 19-CV-06583 (AMD) (VMS), 2020 WL 3960507, at *7 (E.D.N.Y. July 13, 2020); *Jennings v. Cont'l Serv. Grp.*, Inc., 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017). Accordingly, Plaintiff's TCPA claim as pled must be dismissed without prejudice for failure to state a claim on which relief may be granted.

### D. Fair Credit Reporting Act Claims

The Complaint asserts a claim against both Capital One and Experian under the FCRA. "The [FCRA] regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (*per curiam*) (citing 15 U.S.C. § 1681(b)). To ensure credit reports are accurate, the FCRA imposes certain duties on credit reporting agencies, such as Experian, as well as users of consumer reports, and furnishers of information to credit reporting agencies, such as Capital One.

#### I. Liability of Furnishers of Information

Section 1681s-2 provides that "[a] person shall not furnish any information relating to a consumer to any consumer

11

reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). However, the FCRA does not provide a private cause of action for violations of this section; enforcement of this section is left to governmental agencies. *See* 15 U.S.C. § 1682s-2(d); *Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012)*, 702 F.3d at 151 ("[T]he statute plainly restricts enforcement of [15 U.S.C. § 1681s-2(a)] to federal and state authorities.").

Section 1681-s2(b) "imposes a duty on furnishers of information to investigate disputed information after receiving notice of a dispute concerning the completeness or accuracy of information from a consumer reporting agency[.]" *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008) (internal quotation marks, alteration, and citation omitted), *aff'd*, 360 F. App'x 255 (2d Cir. 2010) (summary order); *see also Ogunmokun v. Am. Educ. Servs./PHEAA*, No. 12-CV-4403 (RRM) (JPO), 2014 WL 4724707, at *7 (E.D.N.Y. Sept. 23, 2014). Under Section 1681s-2(b), once a furnisher "receiv[es] notice" of a dispute, the furnisher must:

> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
> (C) report the results of the investigation to the consumer reporting agency;

12

>>(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information; and
>>(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1). The statute is clear that the notice triggering these duties must come from a credit reporting agency, not the consumer. *See* 15 U.S.C. § 1681i(a)(2) (providing that once a "consumer reporting agency receives notice of a dispute from any consumer . . . the agency shall provide notification of the dispute to any person who provided any item of information in dispute"); *id.* § 1681s-2(b). Accordingly, Section 1681s-2(b) is not implicated simply because a consumer contacts a furnisher such as Capital One regarding inaccuracies in her credit report.

To prevail on this claim, plaintiff also would have to demonstrate that Capital One failed to: (1) investigate the disputed information, (2) review all relevant information provided by the credit reporting agency (with which plaintiff raised the dispute), (3) inform the credit reporting agency of the results of the investigation, and (4) report any corrections to all other credit reporting agencies. *Crawford v. Duncan*, No. 11-CV-3774 ENV, 2013 WL 1346382, at *8 (E.D.N.Y. Apr. 3, 2013)

13

(citing *Fashakin v. Nextel Communications*, 2006 WL 1875341 at *5 (E.D.N.Y. 2006)); *LaCourte v. JP Morgan Chase & Co.*, No. 12-CV-9453, 2013 WL 4830935, at *9 (S.D.N.Y. Sept. 4, 2013) ("[S]ection [ ] 1681s-2(b) ... [does] provide for a private right of action against entities that furnish information to credit reporting agencies, but only if the furnisher fails to take appropriate action after receiving notice of a dispute with regard to the completeness or accuracy of any information provided to a consumer reporting agency." (emphasis added) (internal quotation marks and alterations omitted).

Here, as pled, the complaint fails to allege a statutory basis for a FCRA claim against Capital One.  To the extent plaintiff seeks relief for a violation of 15 U.S.C. § 1681s-2(a), she fails to state a claim because there is no private right of action under that subsection of the FCRA. *Longman v. Wachovia Bank*, N.A., 702 F.3d at 151.  If plaintiff's claim is premised on a violation of Section 1681s-2(b), she has failed to state a claim because the complaint is devoid of any allegations that (1) she notified Experian of the disputed accuracy of Capital One's report, and (2) Experian notified Capital One of the dispute.  *Mendy v. JP Morgan Chase & Co.*, No. 12 Civ. 8252(PGG), 2014 WL 1224549, at *5 (S.D.N.Y. March 23, 2014) ("However, the duty to investigate in Subsection (b) is triggered only after a furnisher of information receives notice

14

from a credit reporting agency of a consumer's dispute") (quotations and citation omitted). In her FCRA claim against Capital One, Plaintiff, referencing the statute, alleges in a conclusory fashion that Capital One "falsely reported incorrect debt information to the national credit reporting agencies including but not limited to, the incorrect debt amount, account status, and status update." (Compl. at 6.) There is a subtle reference to a dispute over the credit card debt in the credit report attached to the complaint, (ECF 1-2, Exhibit A, at 2), but there is no factual allegation that plaintiff notified the credit reporting agencies of the dispute in the complaint. However, to the extent Plaintiff raised her concerns with a consumer rating agency, plaintiff may be able to amend her complaint to properly state a FCRA claim. She is granted leave to do so.

## II. Liability of Credit Reporting Agency

Plaintiff also alleges that Experian violated the FCRA. "The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir.1995) (internal citations omitted). As a general matter, the FCRA "regulates consumer credit reporting agencies to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumer credit

15

information." *Nguyen v. Ridgewood Sav. Bank*, 2015 WL 2354308, at *9 (E.D.N.Y. May 15, 2015). Section 1681e of the FCRA provides that "consumer reporting agenc[ies] ... shall follow reasonable procedures to assure maximum possible accuracy" of a consumer's credit report. 15 U.S.C. § 1681e(b). The statute provides that a credit reporting agency must "conduct a reasonable reinvestigation" when "the completeness or accuracy of any item of information contained in the consumer's file ... is disputed by the consumer." 15 U.S.C. § 1681i(a). Importantly, even if some information in a consumer credit report is inaccurate, "a credit reporting agency is not held strictly liable under the FCRA merely for reporting it." *Ogbon v. Beneficial Credit Servs., Inc.,* No. 10-CV-3760, 2013 WL 1430467, at *6 (S.D.N.Y. Apr. 8, 2013) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir.1991). Instead, sections 1681n and 1681o provide that credit reporting agencies are liable only for willful or negligent violations of the statute. 15 U.S.C. §§ 1681n(a); 1681o(a). As a result, "the consumer must show that the agency failed to follow reasonable procedures in generating the inaccurate report." *Ogbon*, 2013 WL 1430467, at *6.

In describing her FCRA claim against Experian, Plaintiff merely recites the elements of the statute, concluding that the Defendant failed to "follow reasonable procedures to

16

assure maximum possible accuracy of Plaintiff's credit report. (Compl. at 8.) Because Plaintiff fails to make any factual allegations regarding the procedures not followed by Experian in response to her complaints, her threadbare recitals of the elements do not state a plausible claim for relief. See *Frederick v. Cap. One Bank (USA), N.A.*, No. 14-CV-5460, 2015 WL 5521769, at *7 (S.D.N.Y. Sept. 17, 2015), opinion amended on reconsideration *sub nom. Frederick v. Cap. One (USA) N.A.*, No. 14-CV-5460 (AJN), 2015 WL 8484560 (S.D.N.Y. Dec. 8, 2015); *Nguyen,* 2015 WL 2354308, at *11 ("Plaintiffs' conclusory and broad allegations of fraud and deceptive practices, without explanation of how Defendants willfully or negligently violated the FCRA, do not suffice to state a claim under the statute.") Plaintiff is granted leave to amend her complaint within thirty days, or no later than Wednesday, October 13, 2021.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for failure to state a claim on which relief may be granted, 28 U.S.C. §1915 (e)(2)(B), and plaintiff is granted **30 days** leave from the entry of this order on the docket to file an amended complaint, that is by **October 13, 2021.** The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this order. The amended complaint shall completely replace the original complaint and shall be reviewed

17

pursuant to 28 U.S.C. §1915(e)(2)(B) and Federal Rule of Civil Procedure 8.  If Plaintiff fails to file an amended complaint within 30 days from the entry of this Order, the action will be dismissed without prejudice.  All further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 13, 2021

                                    //s//
                                    KIYO A. MATSUMOTO
                                    United States District Judge